Dear Mr. Adams:
Your request for an opinion of the Attorney General has been forwarded to me for research and disposition. As I perceive them, your questions are as follows:
 1) May monies from the 12% Criminal Court Fund disbursed to the office of the district attorney be used to supplement the salaries of assistant district attorneys?
 2) May this same fund be used to pay off-duty officers under the Local Agency Compensated Enforcement (LACE) detail?
Unlike other portions of the general Criminal Court Fund, that percentage disbursed to the office of the district attorney may be used by the district attorney in "defraying such expenses of his office as in his discretion may be necessary." Subsections A(1)(b) and (2) of LSA-R.S. 15:571.11 mandate the division of the fines and forfeitures imposed by the district courts and district attorneys conviction fees:
 (b) The sheriffs throughout the state, the parish of Orleans excepted, shall retain twelve percent of the amount of fines collected or the amount of bonds forfeited to go into the sheriff's general fund in each parish; and, an additional twelve percent of the amount of fines collected and the amount of bonds forfeited shall be transmitted to the district attorney of the judicial district to be used by the district attorney in defraying such expenses of his office as in his discretion may be necessary.
 (2) All fines and forfeitures imposed by district courts and collected by the sheriff or executive officer of the court for violations of municipal ordinances shall be disbursed as follows:
 (a) Twelve percent thereof shall be remitted to the office of the district attorney;
 (b) Twelve percent shall be remitted to the sheriff's general fund; and
 (c) The remainder shall be transmitted to the municipality for deposit in its treasury.
As to question number one above, there can be very little doubt that supplemental pay for district attorneys and his assistants can be a necessary expense of that office. Opinion number 75-692 of this office has previously opined that the 12% fund (then only 6%) could be used by the district attorneys to defray the salaries of "special prosecutors." The district attorney, the opinion went on to proffer, is "bound by common sense and right reason in determing the uses to which the funds may be put." Opinion 75-692 p. 2-02.
Likewise Attorney General Opinion No. 75-1160 detailed the position that the General Criminal Court Fund could not be used to suplement the salaries of the district attorneys and his assistants, but that the 12% fund (then 6%) could be used, at the discretion of the district attorney, to achieve the same results. By negative implication, Opinion No. 75-1160 addresses the substance of your first question.
The portions of the Criminal Court Fund statute we are herein concerned with were enacted with the passage of Acts 1974, Number 238, which lifted the restriction that the fund designated for use by the district attorney be used in a non-capitol nature only. The broadening of the permissible uses of this fund by the legislature has, since the enactment of Act 238, been interpreted by this office to give the district attorney almost unlimited control — subject, of course, to common sense and reason.
As a discretionary fund, this office reaffirms its position that the legislature has given wide discretionary powers to the district attorney. As the state of affairs dictates, the district attorney's offices have found themselves working closely with local law enforcement agencies. It is but a truism to state that the district attorney's office is dependant upon the proper functioning of local law enfocement in order to effectuate their own position in the administration of criminal justice.
In light of these realities, Attorney General Opinion No. 7-785 took the position that the district attorney may purchase a radar unit, for use by local law enforcement, from his 12% (then 6%) discretionary fund. The LACE program is as vital to the proper administration of criminal justice as is a radio unit. And, as such, the same discretionary fund should be available for the funding of such a detail if the district attorney so decides.
It is the opinion of this office, in light of the above reasoning, that the 12% discretionary fund disbursed to the district attorneys persuant to LSA-R.S. 15:571.11 may be used for supplementing the salaries of the assistant district attorneys and to fund the Local Agency Compensated Enforcement detail in accordance with Procedural Order Number 325.
I hope the foregoing has adequately answered your questions. If you need further assistance on this or any other matter, please do not hesitate to contact this office again,
With kind regards, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: __________________________ RENE' SALOMON Assistant Attorney General
RS/jp/lm